**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **SCOTT BRAITHWAITE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-2405-JAR-DJW |
| ) | |
| **RAINBOW MENTAL HEALTH** ) | |
| **FACILITY**, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff Scott Braithwaite filed this *pro se* civil rights action against Rainbow Mental Health Facility, where he was a patient in the Spring of 2011. He brings several claims for damages under 42 U.S.C. § 1983, alleging that the facility violated his civil rights by depriving him of sleep and a restroom for several days, and discriminated against him for refusing to talk to staff. Before the Court is Defendant Rainbow Mental Health Facility's ("Rainbow") Motion to Dismiss (Doc. 5), seeking dismissal for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. As described more fully below, Defendant's motion is granted because it is uncontested and because Rainbow is immune from suit, thus, the Court lacks jurisdiction.

**I.   Failure to Respond**

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. R. 7.4,

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[2] As a result of Plaintiff's failure to respond, the Court grants Defendant's motion to dismiss as uncontested.

## II.   Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[3] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[4] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[5] "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[6] Mere conclusory allegations of jurisdiction are not enough.[7]

---

[2] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[3] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent.  They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[4] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[5] *Montoya*, 296 F.3d at 955.

[6] *Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[7] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

The Supreme Court has repeatedly explained that the Constitution does not contemplate federal jurisdiction over suits against unconsenting states.[8] Under the Eleventh Amendment, states are immune from suit in federal court, even by its own citizens, "unless (1) the state consents to the suit, or (2) Congress validly abrogates the states' immunity."[9] The State of Kansas has not consented to suit under §§ 1983 or 1985, nor has Congress abrogated the states' immunity from those suits.[10] Rainbow is a State psychiatric hospital and the Court finds that it is an arm of the State that is immune from suit.[11] Thus, sovereign immunity shields Rainbow from claims under § 1983, and the Court must dismiss Plaintiff's civil rights claims for lack of jurisdiction. Moreover, a state is not a "person" for purposes of § 1983.[12] Therefore, even if Rainbow was not immune from suit, the Complaint would fail to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).[13]

---

[8]*Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007).

[9]*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55 (1996); *Nelson v. Geringer*, 295 F.3d 1082, 1096 (10th Cir. 2002).

[10]*Winters v. Kan. Dep't of Soc. & Rehab. Servs.*, No. 10-2181-JAR-DJW, 2011 WL 166708, at *9 (D. Kan. Jan. 19, 2011) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 & n.13 (10th Cir. 1998)).

[11]*See Taylor v. Osawatomie State Hosp.*, No. 07-2346-KHV, 2008 WL 2891011, at *3 (D. Kan. July 24, 2008) (finding State mental health facility is arm of the state); *Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2903162, at *1 (D. Kan. Sept. 11, 2007) (same).

[12]*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-67 (1989); *accord Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001); *McLaughlin v. Bd. of Trustees of State Coll. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Ellis*, 163 F.3d at 1196; *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995) (explaining that a state or state agency is not a "person" under § 1983 except to the extent that the plaintiff sues for prospective injunctive relief only).

[13]To the extent Plaintiff's Complaint could be construed as raising claims under the various state statutes and regulations referenced in the Complaint, the Court would decline to exercise jurisdiction under 28 U.S.C. § 1367 as the case has not yet proceeded to discovery so judicial economy and fairness would not be served by the Court retaining jurisdiction of the state law claims. *See Estate of Harshman v. Jackson Hole Mountain Resort*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("Seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction, Congress granted statutory authority to district courts to hear claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 5) is **granted**.  This case is dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: August 27, 2012

                                                             S/ Julie A. Robinson
                                                             JULIE A. ROBINSON
                                                             UNITED STATES DISTRICT JUDGE

---

based.").